1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

9    STEVEN CRAIN,                    )
                                     )        Case No. 2:13-cv-01732-JCM-CWH
              Plaintiff,             )
10                                   )        **ORDER**
     vs.                             )
11                                   )
     ANDREY PETRUSHKIN, et al.,      )
12                                   )
              Defendants.            )
13   _____)

14

15          This matter is before the court on Plaintiff Steven Crain's Renewed Application to Proceed *In*

16   *Forma Pauperis* (#3), filed October 21, 2013.  His initial application (#1) was denied without prejudice

17   because it was incomplete.  Plaintiff was instructed to submit a renewed, completed application or pay

18   the filing fee.  He submitted the renewed application, which the undersigned has reviewed pursuant to

19   28 U.S.C. § 1915.  The Court finds that Plaintiff is unable to pre-pay the filing fee and his request to

20   proceed *in forma pauperis* is granted.

21                                    **BACKGROUND**

22          Plaintiff names two defendants in his complaint: (1) Defendant Andrey Petrushkin, an

23   individual residing in Clark County, Nevada, and (2) Defendant Advance Home Services, LLC, also

24   located in Clark County, Nevada.  He alleges that he became employed by Advanced Home Services on

25   or about the second week of May, 2013 as a journeyman plumber.  On June 4, 2013, approximately one

26   month after he began his employment, he was pulled over while driving a van owned by Defendant

27   Advanced Home Services and ticketed for violation of Nevada Revised Statute 482.545(1).[1]  The ticket

28   _____

         [1]  NRS 482.545(1) provides that "[i]t is unlawful for any person . . . [t]o operate, or for the owner thereof
     knowingly to permit the operation of, upon a highway any motor vehicle, trailer or semitrailer which is not

1  imposed a fine of $1149.00.  Plaintiff claims that he "whistle blew" on his employer by informing the
2  ticketing officer that the vehicle was owned by his employer.  The following day Plaintiff was
3  terminated from his employment with Advanced Home Services.  Prior to being terminated, Plaintiff
4  alleges that he telephoned Defendant Petrushkin to inform him that he (Plaintiff) had received a ticket.
5  Petrushkin allegedly told Plaintiff that he would have an attorney take care of the ticket but, after
6  terminating Plaintiff, sent Plaintiff a check for $50.00.  Plaintiff did not accept the check because it was
7  not sufficient to cover the fine imposed.  Plaintiff further alleges that the defendants committed acts of
8  "bad faith" by promising him that he would have a "lengthy career" with Defendant Advanced Home
9  Services only to terminate him after three weeks of employment, right after he received the ticket.  He
10  alleges that another employee had crashed a vehicle three separate times but was not terminated.  He
11  also alleges that another employee caused "many on-the-job floods and leaks" causing "several
12  thousand[] dollars" in damages but was not terminated.

13      Based on these allegations, Plaintiff is seeking damages, including punitive damages, for (1)
14  wrongful termination in violation of public policy, (2) wrongful termination - whistle blower, (3) bad
15  faith, and (4) intentional infliction of emotional distress.  Plaintiff's first two claims are really the same
16  claim – wrongful termination in violation of public policy– based on Plaintiff's allegation that his
17  telling the officer that the vehicle he was driving at the time he was ticketed did not belong to him was
18  protected activity.

19                                        **DISCUSSION**

20      Because Plaintiff is proceeding *in forma pauperis*, the court must screen the complaint pursuant
21  to 28 U.S.C. § 1915(e), which provides that "the court shall dismiss the case at any time if the court
22  determines" the action or appeal is (1) frivolous or malicious, (2) fails to state a claim upon which relief
23  may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  28
24  U.S.C. § 1915(e)(2)(B)(i)-(iii).  Normally, when a court dismisses a complaint under § 1915(a), the
25
26      _____
27  registered or which does not have attached thereto and displayed thereon the number of plate or plates assigned
    thereto by the Department for the current period of registration or calendar year, subject to the exemption
28  allowed in NRS 482.316 to 482.3175, inclusive, 482.320 to 482.363, inclusive, 482.385 to 482.3695, inclusive,
    and 482.420."

plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

### 1. Diversity Jurisdiction

Federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states."  28 U.S.C. § 1332.  In his complaint, Plaintiff does not indicate that the matter in controversy exceeds $75,000.00.  He does, however, allege that both he and the named defendants are citizens of Nevada.  Consequently, because the parties are citizens of the same state, Plaintiff has not established diversity of citizenship and the Court does not have jurisdiction under Section 1332.

### 2. Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'"  *Republican Party of Guam v.*

3

1   *Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction*

2   *Laborers Vacation Trust*, 463 U.S. 1, 8-9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)).  The presence or

3   absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar,*

4   *Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 963 L.Ed.2d. 318 (1987).  Under the well-pleaded

5   complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the

6   plaintiff's properly pleaded complaint." *Id.*

7          Plaintiff's complaint, in its current form, does not adequately allege a claim arising under

8   federal law or vindication of a right under state law that turns on an interpretation of federal law.  Each

9   of the causes of action alleged is based on state law.  Plaintiff's primary claim is that he was terminated

10  in violation of public policy, which is brought under Nevada common law.  *USEEOC v. Champion*

11  *Chevrolet*, 2008 WL 4167508 *3 (D. Nev.) (cause of action for wrongful termination in violation of

12  public policy is based on Nevada common law).  Plaintiff's claim for intentional infliction of emotional

13  distress also rises under Nevada law.  To state a claim for intentional infliction of emotional distress, a

14  plaintiff must allege: "(1) extreme and outrageous conduct with either the intention of, or reckless

15  disregard for, causing emotional distress, (2) the plaintiff having suffered severed or extreme emotional

16  distress, and (3) actual or proximate causation." *Scott v. Corizon Health, Inc.*, 2014 WL 1877431 (D.

17  Nev.) (citing *Starr v. Rabello*, 97 Nev. 124, 125 (1981)).  To be extreme and outrageous, conduct must

18  be "outside all possible bounds of decency and is regarded as utterly intolerable in a civilized

19  community." *Kahn v. Morse & Mowbray*, 117 P.3d 227, 237 n. 18 (Nev. 2005) (citations omitted).

20  "[P]ersons must necessarily be hardened . . . to occasional acts that are definitely inconsiderate and

21  unkind." *Maduike v. Agency Rent-a-Car*, 953 P.2d 24, 26 (Nev. 1988) (citation omitted).

22          Plaintiff's claim for "bad faith" is premised on the allegation that it was improper for

23  Defendants to make statements regarding Plaintiff having a lengthy career with Defendant Advanced

24  Home Services, LLC only to terminate him after three weeks.  The implied covenant of good faith and

25  fair dealing exists in all contracts. *A.C. Shaw Const. v. Washoe County*, 105 Nev. 913, 914 (1989).

26  Breach of contract and bad faith discharge are not applicable to at-will employment. *Martin v. Sears,*

27  *Roebuck and Co.*, 111 Nev. 923, 929 (1995).  "[A]ll employees in Nevada are presumed at-will

28  employees." *American Bank Stationery v. Farmer*, 106 Nev. 698, 701 (1990).  An employee can rebut

1    this presumption by "proving by a preponderance of the evidence that there was an express or implied

2    contract between his employer and himself that his employer would fire him only for cause." *Id*.

3    However, general expressions of long term employment and subjective expectations of employment are

4    insufficient to transform at-will employment to employment terminable only for cause." *Martin*, 111

5    Nev. at 929.   To plead a claim for bad faith discharge in violation of the implied covenant of good faith

6    and fair dealing, plaintiff must allege: (1) that an enforceable contract existed, (2) there was a special

7    relationship between the tortfeasor and the tort victim, and (3) the employer's conduct went "well

8    beyond the bounds of ordinary liability for breach of contract." *Id*.  Plaintiff's allegations that he was

9    told he would have a lengthy career at Advanced Home Services, LLC are not sufficient to state a claim

10   for bad faith discharge in violation of the implied covenant of good faith and fair dealing.

11          Construing Plaintiff's complaint in the broadest sense possible, it could be that he is attempting

12   to make claims under either Title VII (42 U.S.C. § 2000e *et seq*.) or a civil rights violation under 42

13   U.S.C. § 1983.  He has, however, not adequately alleged any federal claims.  A claim under Section

14   1983 or Title VII would invoke the Court's jurisdiction under 28 U.S.C. § 1331.  To state a claim under

15   Section 1983, a plaintiff must allege that a right secured by the Constitution has been violated and the

16   deprivation was committed by a person acting under color of state law.  See, e.g., *Gibson v. U.S.,* 781

17   F.2d 1334, 1338 (9th Cir.1986); *West v. Atkins,* 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles,*

18   442 F.3d 1178, 1185 (9th Cir.2006).

19          Here, Plaintiff alleges that Defendant Andrey Petrushkin and Defendant Advanced Home

20   Services, LLC, may have violated his First Amendment rights by terminating his employment after he

21   informed a police officer that the vehicle Plaintiff was driving belonged to Defendants.  Generally,

22   Section "1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong."

23   However, a private entity may be liable under Section 1983 if the Court determines that its conduct

24   constitutes state action.  *See Sutton v. Providence St. Joseph Med. Ctr.,* 192 F.3d 826, 835 (9th

25   Cir.1999); *see also Perez–Morciglio v. Las Vegas Metropolitan Police Dept.,* 2011 WL 5042029, at *4

26   (D. Nev. Oct. 25, 2011). There are four ways to find state action by a private entity for purposes of

27   Section 1983:(1) the private actor performs a public function, (2) the private actor engages in joint

28   activity with a state actor, (3) a private actor is subject to governmental compulsion or coercion, or (4)

5

there is a governmental nexus with the private actor. *See Kirtley v. Rainey,* 326 F.3d 1088, 1092–1094 (9th Cir.2003); *see also Villegas v. Gilroy Garlic Festival Ass'n,* 541 F.3d 950, 955 (9th Cir.2008) (quoting *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 939 (1982).  Plaintiff has failed to alleged any specific facts to establish that either Defendant was a state actor for purposes of Section 1983 and, therefore, has not stated a claim for relief under Section 1983.

Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*, permits an individual to make claims against an employer for discrimination on the basis of race, religion, gender or national origin.  A Title VII claimant must demonstrate exhaustion of EEOC administrative procedures prior to bringing a claim.  Once a plaintiff files charges with the EEOC, the EEOC will investigate the charges, attempt to reach a settlement, and decide whether to sue the employer or refer the decision to sue to the Attorney General if the charges are against a state or local government entity.  Exhaustion is a condition precedent to filing suit in federal court.  *Martinez v. Victoria Partners*, 2014 WL 1268705 n. 17 (D. Nev.).  Under Title VII, a plaintiff must typically file a charge of discrimination within 180 days of the claimed conduct, receive a right to sue letter from the EEOC, and file suit no later than 90 days after receipt of that notice.  *Id*; *see also* 42 U.S.C. § 2000e-5(e).  These administrative exhaustion requirements are subject to equitable remedies such as waiver, estoppel, and tolling.  *Martinez*, 2014 WL 1268705 *4 (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)).  Here, there is no indication that Plaintiff properly exhausted his administrative remedies prior to bringing his suit.[2]  If Plaintiff chooses to file an amended complaint, he must plead exhaustion of his administrative remedies.

Additionally, it appears Plaintiff is attempting to sue Defendant Andrey Petrushkin in his individual capacity.  Civil liability under Title VII is limited to employers.  42 U.S.C. § 2000e-5(g).  Though an employer can be held liable under a respondeat superior liability theory, *Miller v. Maxwell's Intern. Inc.*, 991 F.2d 283, 587 (9th Cir. 1993), it is the employer who is ultimately liable for the Title

---

[2]  The Court further notes that Title VII applies only an employer who has 15 or more employees.  The statute defines "employer" as a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ."  42 U.S.C. § 2000e(b).

6

1   VII violation.  *See Christian v. Nevada Public Works Bd.*, 2009 WL 1407990 (D. Nev. 2009)

2   (dismissing individual defendants because Title VII imposes liability only on employers, not on

3   individual employees).  Thus, any claim for liability against Defendant Andrey Petrushkin in his

4   individual capacity under Title VII fails.

5        To state a claim for race discrimination under Title VII, a plaintiff must allege: (1) membership

6   in a protected class, (2) that he was qualified for the job, (3) he suffered an adverse employment action;

7   and (4) that the employer treated similarly situated employees outside of the protected class more

8   favorably.  *See Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006) (citation omitted).  Plaintiff has

9   alleged none of these elements and, therefore, has not stated claim for discrimination under Title VII.

10  Nor has Plaintiff pled adequate facts to state a claim for Title VII discrimination based on religion,

11  which requires pleading facts sufficient to show: (1) a bona fide religious belief, the practice of which

12  conflicted with an employment duty, (2) the employer was aware of the religious belief and conflict,

13  and (3) the employer threatened discriminatory conduct, including discharge, due to the conflict.  *Tiano*

14  *v. Dillard Dep't Stores, Inc.*, 139 F.3d 679, 681 (9th Cir. 1988) (citation omitted).  Similarly, to state a

15  prima facie case for hostile work environment in violation of Title VII, a plaintiff must show that (1) he

16  was subjected to verbal or physical conduct of a racial or sexual nature, (2) that conduct was

17  unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of employed

18  and create an abusive work environment.  *Vazques v. Cty. of Los Angeles*, 349 F.3d 634 (9th Cir. 2003).

19  Plaintiff has not sufficiently pled any facts or made any allegations that would support claims under any

20  of the aforementioned claims under Title VII.

21       Ultimately, Plaintiff has not adequately pled any causes of action that would invoke the Court's

22  authority under Section 1331.  Having failed to do so, the complaint will be dismissed without

23  prejudice.  Plaintiff will be given an opportunity to file an amended complaint addressing the

24  deficiencies identified herein.  If Plaintiff elects to proceed in this action by filing an amended

25  complaint, he is advised that the Court cannot refer to a prior pleading in order to make Plaintiff's

26  amended complaint complete.  Local Rule 15-1 requires that an amended complaint be complete in

27  itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint

28  supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff

7

files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim must be sufficiently alleged.  In other words, if Plaintiff chooses to file an amended complaint, he must restate any viable complaints identified herein.  Additionally, because the Court cannot tell whether Plaintiff has exhausted his administrative remedies and has not pled sufficient facts to support his claims, all Title VII claims will be dismissed with leave to amend.

Based on the foregoing and good cause appearing,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (#3) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk shall file Plaintiff's complaint (#1-1).

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **Monday, September 15, 2014**, in which to file an amended complaint addressing the deficiencies identified herein.  Failure to do so will result in a recommendation that Plaintiff's complaint be dismissed and this matter closed

Dated: August 5, 2014.

_____
C.W.Hoffman, Jr.
United States Magistrate Judge