UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN CRAIN,<br><br>                           Plaintiff(s),<br><br>      v.<br><br>ANDREY PETRUSHKIN, et al.,<br><br>                           Defendant(s). | Case No. 2:13-CV-1732 JCM (CWH)<br><br>ORDER |

Presently before the court is defendants Andrey Petrushkin's and Advanced Home Services' motion to dismiss plaintiff's amended complaint. (Doc. # 11). *Pro se* plaintiff Steven Crain filed a response (doc. # 14) and defendants filed a response (doc. # 15).

**I.     Background**

This case arises from a termination of an employment relationship between plaintiff and defendant Advanced Home Services ("AHS"). Plaintiff is a former employee of AHS who was employed by AHS for three weeks, and subsequently terminated.

On June 4, 2013, plaintiff, while employed by AHS and driving an AHS vehicle, received a traffic citation. According to plaintiff, the citation was for operating an unregistered vehicle in violation of Nevada Revised Statute 482.545(1). Plaintiff asserts that the officer, while speaking with him, called the Nevada DMV and found that the vehicle was not registered.[1] Plaintiff

---

[1] Defendant asserts that plaintiff received the citation because he could not find the proof of insurance. Defendant further asserts that exhibits attached to plaintiff's amended complaint prove that the vehicle was insured at the time of the citation. NRS 482.545, cited by plaintiff, however, references unregistered vehicles, not uninsured vehicles. There is no proof of registration on the date of the citation, as plaintiff's exhibits show proof of registration beginning June 5, 2013, and the incident took place the day before on June 4, 2013.

**James C. Mahan**
**U.S. District Judge**

informed the officer that the vehicle did not belong to him but belonged to his employer, AHS. Still, plaintiff received a citation.

Plaintiff was terminated on June 5, 2013. Plaintiff's amended complaint identifies three causes of action: federal law claims under 42 U.S.C. § 1985(3) – conspiracy to interfere with civil rights, and 18 U.S.C. § 1513(e) – retaliating against a witness, victim, or an informant, and a state law claim for intentional infliction of emotional distress. (*See* doc. # 9). The court will address each of plaintiff's claims in turn.

## II.     Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

Where the complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief." *Id.* (internal quotations and alterations omitted).  When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

### III.   Discussion

*A.   42 U.S.C. § 1985(3) – conspiracy to interfere with civil rights*

Under § 1985(3), the federal statute prohibiting conspiracies to interfere with civil rights, a plaintiff must allege that defendants conspired for the purpose of depriving, either directly or indirectly, any person of equal protection of laws or equal privileges and immunities under the law.  *Griffin v. Breckenridge*, 403 U.S. 88, 103 (1971).  Additionally, the complaint must allege that the conspirators acted in furtherance of the conspiracy where an individual was injured or deprived of a right or privilege.  *Id.*  An indispensable element of a claim under 42 U.S.C. § 1985(3) is "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."  *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000) (quoting *Griffin v. Breckenridge,* 403 U.S. 88, 102, (1971)).

Here, plaintiff has not properly alleged facts that support his claim that a conspiracy of intentional discrimination existed and that defendants took steps in furtherance of that conspiracy.  Plaintiff's amended complaint is also lacking in any allegations of racial or class-based discriminatory animus on behalf of defendants.  Accordingly, plaintiff's § 1985 claim will be dismissed.

**James C. Mahan**
**U.S. District Judge**

*B. 18 U.S.C. § 1513(e) – retaliating against a witness, victim, or an informant*

§ 1513 provides protection for any witness, victim, or informant who is retaliated against "for providing to a law enforcement officer any truthful information relating to the commission or possible commission of any **[f]ederal** offense . . . ." 18 U.S.C. § 1513(e) (emphasis added). Here, plaintiff claims defendants retaliated against him for providing information relating to the Nevada state offense of operating an unregistered vehicle, a violation of Nev. Rev. Stat. § 482.545(1). Plaintiff cannot fulfil the requirements to state a claim under § 1513(e). Accordingly, plaintiff's § 1513(e) claim will be dismissed.

*C. Intentional infliction of emotional distress*

Finally, plaintiff's amended complaint contains a claim for intentional infliction of emotional distress. Intentional infliction of emotional distress is a state law claim.

This court has the discretion to decline to hear supplemental state law claims once it has dismissed all federal claims. *San Pedro Hotel Co., Inc v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998); 28 U.S.C. § 1367(c) (a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction). "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (ellipses omitted) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)).

The issue of whether the defendant is liable on the remaining tort claim is best resolved by Nevada state courts interpreting Nevada law. Therefore, the court declines to exercise jurisdiction over plaintiff's IIED claim. Plaintiff's IIED claim will be dismissed without prejudice.

. . .

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to dismiss (doc. # 11) be, and the same hereby is, GRANTED. The clerk shall enter judgment accordingly and close the case.

DATED November 25, 2014.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge